Argued November 13, 1918, reversed January 14, 1919.

In re COUNTY ROAD No. 65.
'APPEAL OF WILLAMETTE PAC. R. CO.

(177 Pac. 426.)

Railroads—Public Service Commission—Jurisdiction—Construction of New Highway.

1. Where a railroad company appropriated part of a county road for its right of way, under a contract with the County Court to establish another road, but the company failed to carry out its agreement, *held* that, under Laws of 1913, page 577, Section 1, the Public Service Commission was without jurisdiction to order the railroad company to construct a highway in lieu of the one appropriated.

From Lane: PERCY R. KELLY, Judge.

Department 2.

The Willamette Pacific Railroad Company, an Oregon corporation, was engaged in the construction of a railroad from Eugene to Marshfield and in the course thereof it became necessary and requisite for it to appropriate a certain portion of County Road No. 65 in Lane County.   On proper application by the company, the County Court of Lane County, on April 25, 1913, duly made and entered the following order:

"Now, THEREFORE, it is hereby ordered that said Willamette Pacific Railroad Company be, and it is,

hereby granted subject to the conditions hereinafter set forth a franchise, authority and privilege to appropriate for the purpose of constructing the said railroad over and across the said County Road No. 65 from a point on said road where the west line of Section 11, Township 18, South, of Range 10 West intersects said county road to the point on said county road where the west line of Section 20, Township 18 South, of Range 11 West intersects said county road.

"It is hereby further ordered that the Willamette Pacific Railroad Company shall have the right, franchise and privilege subject to the conditions hereinafter set forth to immediately appropriate the portion of said County Road No. 65, as herein provided and designated at once, and to build and construct its said line of railroad over and across said county road between said points.

"It is hereby further ordered that said county road shall be appropriated upon the terms and condition, as follows, to wit:

"First: The Willamette Pacific Railroad Company does hereby agree to build and construct in lieu of the county road so appropriated another county road.

"Second: That the Willamette Pacific Railroad Company and the County Court of Lane County, shall on or before September 2, 1913, from the date of this order attempt to agree upon the specifications, locations and time within which said road shall be built for the county road to be built and constructed by the Willamette Pacific Railroad Company in lieu of the portions of the County Road No. 65 so appropriated by said company.

"Third: That in the event the Willamette Pacific Railroad Company and the County Court for Lane County, Oregon, shall not be able to agree upon the specifications for the said county road to be built in lieu of said road No. 65, so appropriated, within the time above specified, then, in that event the Willamette Pacific Railroad Company shall resort to an action of condemnation under the statute of the State of Oregon in such cases made and provided, and the order herein shall not in any way prejudice the right of the Willa-

mette Pacific Railroad Company in maintaining said action, or the County Court of Lane County, Oregon, in defending the same.

"This order shall not go into effect or be of force, unless the said Railroad Company shall within thirty (30) days from the date of the making of this order, file with the County Clerk of the said county its acceptance of all the terms and conditions therein duly executed by its proper official thereunto duly authorized."

On May 14, 1913, the Railroad Company through its board of directors duly adopted a resolution authorizing its proper officers to execute "acceptances of each of said franchises granted, or which may hereafter be granted, as aforesaid, and to consent to the terms and conditions thereof" and to certify such resolution to the County Court of Lane County. On the same date the Railroad Company by such authorized officers duly executed and filed with the county clerk its written acceptance in which it assented and agreed "to observe, fulfill and perform each and every and all and singular the terms and conditions" of the franchise. On August 30, 1913, by mutual consent, the order of acceptance was amended to extend the time to "on or before September 2, 1914," in which "to agree upon the specifications, locations and time within which said road shall be built, for the county road to be built and constructed by the Willamette Pacific Railroad Company, in lieu of the portions of the County Road No. 65, so appropriated."

By virtue of said order and the acceptance thereof, the company at once entered into and upon the designated portions of said County Road No. 65 and constructed its line of railroad across the same, and at all times since has been and now is operating its line of

railroad over such county road so taken and appropriated.

The County Court and the Railroad Company have never agreed upon the specifications for the county road to be constructed in lieu of the part of the road vacated, which was taken by the Railroad Company, and have never agreed as to the time in which the new road should be constructed. To enforce the agreement between the County Court and the company, the County Court of Lane County on March 16, 1916, filed with the Public Service Commission of Oregon its petition in which it sets forth and alleges:

"That the Willamette Pacific Railroad Company on or about the 25th day of April, A. D. 1913, appropriated a portion of one of the public highways of Lane County, Oregon, said public highway being known as County Road No. 65, and the portion of said road appropriated by said Railroad Company being more particularly described as follows:

"That portion of County Road No. 65 in Lane County, Oregon, from a point on said County Road No. 65, where the west line of Section 11, Township 18 south of Range 10 west intersects said County Road, to the point on said County Road where the west line of Section 20, Township 18 south of Range 11 west intersects said County Road.

"That prior to the appropriation of the said County Road by the said Railroad Company, said County Road had been duly and regularly established as a County Road, the establishment of which said road is filed in the records of the County Court of and for said County and State, and that said road for a long time prior to the appropriation heretofore mentioned had been in use by the people living in the vicinity of said road and was so used at the time of the said appropriation by said Railroad Company.

"That at or about the time the said Railroad Company appropriated said County Road for the use of constructing thereon a railroad, the said Railroad

Company through its agents agreed to and with the County Court of Lane County, Oregon, to construct a county road or highway on other property contiguous or adjacent to the portion of said County Road appropriated by the Railroad Company, which said County Road so constructed was to conform in a material character, as to grade and construction, as might be agreed upon by the Railroad Company and the County Court of and for Lane County, Oregon.

"That the said Railroad Company has already appropriated the portion of the county highway heretofore described and has constructed thereon its roadbed and railroad and is operating trains thereon, but has wholly and completely failed to construct or furnish Lane County any other road in lieu of the portion of the public highway appropriated by said Railroad Company.

"That the County Court has diligently and earnestly endeavored to effect a settlement with the Railroad Company, by which settlement the County would acquire a public highway in lieu of the public highway appropriated by the Railroad Company, but so far has failed to accomplish said purpose or end, and the said Railroad Company and the County Court are wholly and completely unable to agree upon the matters of difference between said Railroad Company and Lane County."

It recites that the controversy has existed for "the past three years"; that the inhabitants of Lane County living in the vicinity of said county road so appropriated have been deprived of and denied the use of any highway; that their children have been obliged to travel over the Railroad Company's right of way in going to and from school; that because of dangerous trestles this right of way is unsafe for their use, and that they have no other means of travel except by boat. An answer to this petition was filed by the Railroad Company, in which it denied "each and every allega-

tion and the whole thereof in plaintiffs' complaint contained."

After the issues were joined and testimony was taken, the Public Service Commission made certain findings of fact, and based thereon made an order that within four months the Railroad Company, in lieu of the highway appropriated by it, should "construct a highway along the north bank of the Siuslaw River in accord with certain plans and specifications therefor." The Railroad Company then appealed to the Circuit Court of Lane County, which on March 20, 1918, made its findings of fact and conclusions of law and in legal effect affirmed the order of the Public Service Commission, except as to the time for construction, which was extended four months. From the decree made and entered on these findings of fact and conclusions of law, the Railroad Company prosecutes this appeal.

There is no claim or pretense that the Railroad Company has kept or performed any of the terms or conditions of its contract with the County Court of Lane County by it to be kept and performed, that it has constructed another and different county road, or that there was ever any agreement as to the specifications or as to when such new county road should be constructed. The original county road vacated and appropriated by the Railroad Company was more or less crude and unfinished, yet it was an outlet for about fifteen families residing in its vicinity. It was constructed in the bed of a narrow canyon, over numerous ravines and gulches, and there was sufficient space for only one roadbed. It is apparent that the agreement was made in good faith by the County Court to avoid delay and to facilitate the construction of the railroad.

REVERSED.

For appellant there was a brief over the names of *Mr. Ben C. Dey,* and *Mr. Alfred A. Hampson,* with an oral argument by *Mr. Dey.*

For respondent there was a brief and an oral argument by *Mr. J. M. Devers,* for Lane County.

JOHNS, J.—1. The contract of April 25, 1913, was executed by both parties with all of the required legal formalities.

Counsel have presented numerous points, but under our view of this case the only material one is the question of jurisdiction of the Public Service Commission to make the order mentioned. We do not think that Sections 6 and 8 of Chapter 279, page 483, Laws of 1911, are broad enough or were ever intended to apply to a proceeding of this kind. Any authority of the Public Service Commission to make its order must be found in the provisions of Section 1, Chapter 302, page 577, Laws of 1913, in which it is said that:

"Whenever it shall be necessary for any corporation mentioned in Section 6838 of Lord's Oregon Laws to appropriate any county road or highway, * * said corporation shall be and it is hereby authorized and empowered to appropriate the same, or so much thereof as may be necessary, and in lieu thereof to condemn or otherwise acquire property contiguous to or as near adjacent thereto as possible, an equal amount of property to be appropriated. * * "

Upon the construction by such corporation of a new road upon any grade which

"may be agreed upon by said corporation and the County Court of the county in which said road is located, and upon the acceptance by such County Court of such newly constructed road, and on the conveyance of same to such county, said corporation shall then become the owner and entitled to the possession

of so much of said county road or highway so appropriated."

It is further provided therein that

"in the event the County Court and corporation cannot agree upon the matters herein provided to be agreed upon between said corporation and the County Court, the same shall then be referred to the Railroad (now Public Service) Commission of Oregon, who shall, after notice and hearing, determine the terms and conditions upon which said corporation may appropriate said county road or highway."

Either party is given the right of appeal to the Circuit Court and thence to this court.

The agreement between the County Court and the Railroad Company recites:

"That said Willamette Pacific Railroad Company be and it is hereby granted subject to the conditions hereinafter set forth a franchise, authority and privilege to appropriate for the purpose of constructing the said railroad over and across said County Road No. 65"; that the company "shall have the right, franchise and privilege, subject to the conditions hereinafter set forth, immediately to appropriate the portion of said County Road No. 65 herein provided and designated, at once, and to build and construct its said line of railroad over and across said county road between said points"; that "it is hereby further ordered that said county road shall be appropriated upon the terms and conditions as follows."

Then follow the agreement of the Railroad Company to build another county road in lieu of the road appropriated, and the time limitation of September 2, 1913, "when the parties shall attempt to agree upon the specifications, locations and time" within which the new county road should be constructed. It is further provided that if the parties shall not be able to agree within the time stated, the Railroad Company "shall

resort to an action of condemnation under the statute of the State of Oregon in such cases made and provided'' and that such action shall be without prejudice to either party.

On August 30, 1913, the time within which the parties should attempt to agree ''upon the specifications, locations and time within which said road'' should be built, was extended from September 2, 1913, to September 2, 1914. The petition of the County Court to the Public Service Commission specifically states:

That ''the Willamette Pacific Railroad Company on or about the 25th day of April, 1913, appropriated a portion of one of the public highways of Lane County, Oregon, said public highway being known as County Road No. 65''; that ''prior to the appropriation'' the road had been duly established as a county road; that ''said road for a long time prior to the appropriation'' had been in use by the people living in the vicinity thereof and was so used ''at the time of said appropriation by said Railroad Company''; that ''at or about the time the Railroad Company appropriated said county road for the use of constructing thereon a railroad,'' it agreed to construct a new public highway on property adjacent or contiguous to the original road; that ''the said Railroad Company'' had ''already appropriated the portion of the county highway heretofore described'' and had ''constructed thereon its roadbed and railroad and is operating trains thereon''; that ''it is necessary and urgent that the Railroad Company be required to furnish a public highway in lieu of the portion of the county road or highway appropriated by the said company.''

Such are the terms and conditions of the contract between the County Court and the Railroad Company, and the material allegations set forth in the petition to the Public Service Commission, upon which its order was based.

While the County Court and the Railroad Company did not agree upon the specifications provided for by the contract, the fact remains that they did execute the agreement in question and that under the provisions thereof the county road was vacated and appropriated by the Railroad Company, which entered and took possession of the highway and constructed its railroad thereon, and now fails and neglects to carry out its part of the contract.

Section 1, Chapter 302, Laws of 1913, provides:

That "in the event the County Court and the corporation cannot agree," the subject matter shall then be referred to the Public Service Commission, "who shall, after notice and hearing, determine the terms and conditions upon which said corporation may appropriate said county road or highway."

But we have here a case in which the parties did agree, and executed the contract, from which as well as from the petition to the Public Service Commission it appears that the company had appropriated the county road and was in possession under its apropriation. The authority so to appropriate was expressly granted by the terms of the contract, and the subject matter of the present litigation is that identical contract, the terms and provisions of which have been kept by the County Court and violated by the Railroad Company. Under such a state of facts we are clearly of the opinion that the Public Service Commission did not have any authority to determine the terms and conditions upon which an appropriation should be made, or to make the order in question.

The writer of this opinion has no sympathy for, and but little patience with, the conduct of the Railroad Company shown by the record. The company has apparently violated a contract which was made to assist it in the construction of its line of road. Without de-

lay or further litigation, and as a matter of justice, it should either vacate the county road which it took and appropriated under its contract, construct a new county road as it agreed to do, or make a fair and reasonable settlement with the County Court.

The decree of the Circuit Court is reversed, the petition is dismissed and neither party shall recover costs in this court, the Circuit Court or before the Public Service Commission.                              Reversed.

Bean, Benson and Burnett, JJ., concur.